**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS R. NASH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-02825-JAR |
| | ) | |
| DAVID VANDERGRIFF,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Dennis R. Nash's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Government has responded. (Doc. 11). No reply was filed by Petitioner and the deadline for doing so has passed. The matter is, therefore, fully briefed and ready for disposition. For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

**I.     Introduction and Background**

On November 5, 2014, a jury found Petitioner guilty of one count of first-degree arson, in violation of Mo. Rev. Stat. § 569.040, and one count of first-degree property damage, in violation of Mo. Rev. Stat. § 569.100. (Doc. 1). Petitioner was sentenced to 25 years imprisonment on the arson charge as a prior and persistent offender, as well as a concurrent term of seven years on the property damage charge. (Doc. 11-1).

Petitioner filed a direct appeal raising the following claim: "The trial court erred in overruling defense counsel's motion for judgment of acquittal at the close of all the evidence . . .

---

[1] Petitioner is currently incarcerated at Potosi Correctional Center in Missouri. (Doc. 1). Since this petition was filed, David Vandergriff has replaced Stan Payne as the current Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

because such rulings violated [Petitioner's] right to due process of law guaranteed by the

Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the

Missouri Constitution, in that the State did not prove beyond a reasonable doubt that [Petitioner]

started the fire." (Doc. 11-3 at 12). The Missouri Court of Appeals for the Eastern District,

finding no error, affirmed the judgment. (Doc. 11-5).

After his convictions were affirmed on direct appeal, Petitioner filed a motion for post-

conviction relief under Missouri Supreme Court Rule 29.15. Counsel was appointed, and

Petitioner's motion was denied without an evidentiary hearing on May 2, 2016. On August 22,

2017, the Missouri Court of Appeals for the Eastern District, holding that the findings of the

motion court were not clearly erroneous, affirmed the judgment. The court summarized the

pertinent facts from Petitioner's trial as follows:

> In early 2013, [Petitioner] moved into an apartment complex where his
> girlfriend's estranged husband, Chris Depew, lived. [Petitioner] disliked Depew
> and threatened that if the girlfriend did not get Depew to move, Depew would not
> have a place to live. Shortly after that threat was made, Depew's apartment was
> intentionally set on fire and his property inside was damaged. Upon learning of
> the fire, Depew immediately accused [Petitioner]. Police officers went to
> [Petitioner's] apartment shortly after the fire had been contained. [Petitioner] let
> them in, and they questioned him. He had an open utility knife in his pocket, and
> police observed two bottles of cologne sitting on [Petitioner's] television. They
> said they would return later for more questions. Investigation of the fire revealed
> that one of the screens in a window of the apartment had been cut and an
> accelerant had been used to start the fire. The investigator smelled cologne near
> that window and elsewhere at Depew's apartment. When police returned to
> [Petitioner's] apartment, he did not respond to their knocks, and they saw he was
> passed out on his sofa. So, they opened the unlocked door and went in to wake
> him up, and [Petitioner] was arrested. He had a lighter and one of the cologne
> bottles in his pocket. According to eyewitness testimony at trial, [Petitioner] was
> seen lurking around Depew's apartment at the time the fire would have been
> started. [Petitioner] admitted he was walking around the apartment complex, but
> claimed he was going twice to the store and also to the dumpster. Store
> surveillance video revealed he only went to the store once, and while there he
> stole a lighter. (Doc. 11-9 at 3).

Petitioner then filed the instant Section 2254 petition and raised the following grounds for relief:

(1) Trial court erred in denying Petitioner's motion for judgment of acquittal because there was insufficient evidence to prove the crimes. (Doc. 1 at 5).

(2) Trial counsel rendered ineffective assistance by failing to object to the trial court's finding of prior and persistent offender status (*Id.* at 6).

(3) Trial counsel rendered ineffective assistance by failing to impeach state witness Chris Depew on the basis of his prior criminal history. (*Id.* at 8).

(4) Trial counsel rendered ineffective assistance by failing to file a motion to suppress evidence of statements made by Petitioner to law enforcement because such statements were the product of an unreasonable search and seizure. (*Id.* at 10).

## II.    Analysis

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant a writ of habeas corpus as to any claim that was adjudicated on the merits in state court proceedings unless such adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies"

federal law when it "identifies the correct governing rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). The habeas petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 131 (2011) (citing 28 U.S.C. § 2254(d)).

A state court's factual findings are presumed to be correct, and such findings may be considered unreasonable "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## GROUND 1: INSUFFICIENT EVIDENCE TO SUSTAIN JURY'S FINDING OF GUILT

Petitioner contends in his first ground for relief that the trial court erred by denying his motion for judgment of acquittal because there was insufficient evidence to prove the crimes. Petitioner cites to his direct appeal brief for facts supporting this claim. In his direct appeal brief, Petitioner argues that "[w]hile he may have had the opportunity to set a fire, no physical evidence, circumstantial or otherwise, tends to prove that he did so." (Doc. 11-3 at 15). Respondent argues that the Missouri Court of Appeals applied the correct legal standard and appropriately concluded that the evidence was sufficient to demonstrate that Petitioner had the means, opportunity, and motive to commit the crimes. (Doc. 11 at 3-6).

The Supreme Court has established that a petitioner is entitled to habeas corpus relief if "it is found that upon the record evidence adduced at trial no rational trier of fact could have found

proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In *Jackson*, a review of the record "in the light most favorable to the prosecution" convinced the Court that a "rational factfinder could have found petitioner guilty beyond a reasonable doubt." *Id.*

Petitioner acknowledged in his brief on direct appeal that a criminal defendant may be convicted of arson based on circumstantial evidence under Missouri law per *State v. Bolds,* 913 S.W.2d 393 (Mo. Ct. App. 1996). (Doc. 11-3 at 13-14). Such circumstances "need not be absolutely conclusive of guilt and need not demonstrate impossibility of innocence." *Id.* at 398; *see also State v. O'Haver*, 33 S.W.3d 555, 559-60 (Mo. Ct. App. 2000). The Missouri Court of Appeals cited substantial evidence from the trial demonstrating that Petitioner had the "means, opportunity, and motive to set the fire." (Doc. 11-5 at 5).

*Means and Opportunity*: Petitioner's brief on direct appeal recognizes that the evidence may have established that Petitioner had the means and opportunity to start the fire. (Doc. 11-3 at 14). The Missouri Court of Appeals discussed the testimony of Tracy Edgar, the manager of a cigarette store near the location of the fire, who stated that the store's surveillance video showed Petitioner entering the store and pocketing a lighter on the night of the fire. The court also noted evidence from Kyle Carter, an investigator with the Missouri State Fire Marshal's Office. On the night of the fire, Mr. Carter identified an oily substance smelling like men's cologne and a small piece of cloth between a wall and bedroom window shutter at the scene of the fire. That same night, Mr. Carter saw two bottles of men's cologne in Petitioner's living room, both of which burned during field flammability tests. Finally, the court referenced Sharlene Heines' testimony that she saw Petitioner walking around the corner of the building near the victim's apartment on the night of the fire. (Doc. 11-5 at 3-6).

*Motive*: Petitioner's brief on direct appeal states that Petitioner had a "strong dislike" of

the victim, Chris Depew. (Doc. 11-3 at 13). As the Missouri Court of Appeals observed, Petitioner had an extended relationship with the victim's ex-wife and in the days before the fire had left Crystal Depew a message demanding she "send that mother-fucker [Chris Depew] home." (Doc. 11-5 at 5). Petitioner had clear motive to harm the victim and force him to abandon the apartment complex.

The Supreme Court has repeatedly stated that *Jackson* "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial." *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). Pursuant to the standard established in *Jackson*, a rational trier of fact could have reasonably found that Petitioner had the means, opportunity, and motive to commit the crime, which together is sufficient to convict under Missouri law. Petitioner has not identified any federal law that the Missouri Court of Appeals failed to follow or any unreasonable determinations of facts in light of the evidence presented.

GROUNDS 2 – 4: INEFFECTIVE ASSISTANCE OF COUNSEL[2]

Petitioner's second, third, and fourth grounds for relief all claim ineffective assistance of trial counsel. Federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). First, a petitioner must overcome the high bar of *Strickland v. Washington* by showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) petitioner was sufficiently prejudiced such that "the

---

[2] For each of these grounds, Petitioner also argues that the motion court "clearly erred in denying [Petitioner] an evidentiary hearing on his Rule 29.15 claim." (Doc. 1). This does not state an independent ground for relief, as "the Constitution does not require states to provide a means of post-conviction review of state convictions." *Basile v. Bowersox*, 125 F. Supp. 2d 930, 977 (E.D. Mo. 1999); *see also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Any error in Bell-Bey's state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus.").

result of the proceeding would have been different." 466 U.S. 668, 694 (1984). "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Second, under 28 U.S.C. § 2254, Petitioner must demonstrate that the state court's adjudication of his ineffective assistance claim was "unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."). Both the *Strickland* standard and the standard set forth in § 2254 are highly deferential. Ultimately, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [the petitioner] must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 685, 698-99 (2002)).

*Ground 2: Counsel's Failure to Object to Petitioner's Prior and Persistent Offender Status*

Petitioner contends in his second ground for relief that trial counsel rendered ineffective assistance by failing to object to the court's finding of prior and persistent offender status. Respondent argues that the Missouri Court of Appeals reasonably applied the standard established by *Strickland*. (Doc. 11 at 6-7). To prove ineffective assistance of counsel on habeas review, Petitioner must (i) demonstrate that his attorney's performance was objectively unreasonable and he was prejudiced as a result, *Strickland*, 466 U.S. at 687, and (ii) show that the Missouri Court of Appeals' application of *Strickland* was unreasonable. Because Petitioner can show neither, this

Court will not grant relief on this ground.

At trial, the prosecution identified two prior convictions, both for driving while intoxicated, which established the basis for prior and persistent offender status under Mo. Rev. Stat. § 558.021. (Doc. 11-1 at 44-48). Petitioner's counsel objected to introduction of the first conviction on the grounds that the exhibit did not include the social security number or date of birth of Petitioner or the judge's signature. The court overruled the objection, noting that identity by name was sufficient and judges do not always sign the sentence and judgment. (*Id.* at 45). For the second conviction, the court briefly went off-record and the prosecution was subsequently granted leave to amend the information by interlineation. The court deemed the information amended by interlineation. (*Id.* at 46). On this basis, the court made a finding beyond a reasonable doubt that Petitioner was a prior and persistent offender. (*Id.* at 47).

In order to establish ineffective assistance of counsel, Petitioner must prove that his counsel's failure to object to the amendment by interlineation was both objectively unreasonable and prejudicial. The court clearly understood the record to have been amended by interlineation and would have overruled any objection by Petitioner's counsel. "Failure to raise a meritless objection cannot support a claim of ineffective assistance." *Sittner v. Bowersox*, No. 19-1742, 2020 WL 4590128, at *4 (8th Cir. Aug. 11, 2020) (citing *Gray v. Bowersox*, 281 F.3d 749, 756 n.3 (8th Cir. 2002)). Having already objected to introduction of the first conviction, moreover, it was reasonable for Petitioner's counsel to withhold further objection which would have had no material benefit to Petitioner. *See Jenner v. Class,* 79 F.3d 736, 740 (8th Cir. 1996) ("Counsel's failure to object amounts to a reasonable trial strategy.").

Even if counsel had objected and the objection were temporarily successful, the prosecution could have easily filed an amended information before sentencing. Despite the

prosecution's alleged procedural error in failing to file an amended information, Petitioner has yet to actually claim that the second conviction was inadequate to establish prior and persistent offender status under Missouri law. Petitioner cannot prove that his counsel's failure to object was objectively unreasonable or prejudicial.

Regardless, the Missouri Court of Appeals reasonably cited and applied the *Strickland* standard when assessing Petitioner's claim. The court properly identified the requirements of *Strickland* and determined that Petitioner "[could] not show that the outcome of the proceedings on his prior and persistent status would have been different but for counsel's alleged error." (Doc. 11-9 at 6). The court cited clear Missouri precedent on the specific issue of failure to object to a prior and persistent offender status finding. *See State v. White*, 880 S.W.2d 624, 626 (Mo. Ct. App. 1994). Petitioner has not shown that this analysis was objectively unreasonable.

*Ground 3: Counsel's Failure to Impeach State Witness Chris Depew*

Petitioner contends in his third ground for relief that trial counsel rendered ineffective assistance by failing to impeach the credibility of state witness Chris Depew, the primary victim and target of Petitioner's arson. "A failure to impeach constitutes ineffective assistance when there is a reasonable probability that, absent counsel's failure, the jury would have had reasonable doubt of the petitioner's guilt." *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (quoting *Whitfield v. Bowersox,* 324 F.3d 1009, 1017 (8th Cir. 2003), *vacated in part on other grounds*, 343 F.3d 950 (8th Cir. 2003)).

On direct examination, Chris Depew stated that he had never pled or been found guilty of a felony or misdemeanor. (Doc. 11-1 at 131). Petitioner argues that Chris Depew has at least one felony for cultivating marijuana and a misdemeanor for careless and imprudent driving. (Doc. 11-7 at 26). Petitioner also claims that his attorney could have easily obtained this information by

asking Crystal Depew, who was aware of Chris Depew's criminal history.

Petitioner cannot demonstrate that the jury would have had reasonable doubt as to his guilt if Chris Depew's testimony had been impeached, and therefore cannot establish prejudice as required by *Strickland*. As discussed above, Petitioner's means, opportunity, and motive to set the fire were well established, regardless of Chris Depew's testimony. Petitioner has failed to identify any specific element of Chris Depew's testimony which could have been critical to the jury's determination of guilt. Further, the jury was likely aware of Chris Depew's prior conviction due to Crystal Depew's testimony. During her cross-examination, the following exchange occurred:

> Question: Okay. Do you remember pleading guilty to manufacturing or growing marijuana on November 9, 1984, in the Circuit Court of the City of St. Louis?
>
> Answer: Yes, sir. Chris and I both did.
>
> Question: Well, that isn't the question that I asked. That Chris Depew testified that he didn't. When you say "Chris" are you talking about Chris Depew?
>
> Answer: Yes, sir, I am.
>
> Question: Okay.
>
> Answer: We both were together.

(Doc. 11-1 at 165). Chris Depew's testimony does not appear integral to the question of Petitioner's guilt, and any impeachment by Petitioner's counsel would have had minimal additional impact given Crystal Depew had made the jury aware of Chris Depew's criminal record. Therefore, Petitioner has failed to establish prejudice as required by *Strickland*.

In the alternative, and pursuant to the doubly deferential standard of review applicable to Petitioner's ineffective assistance of counsel claims, this Court finds that the Missouri Court of Appeals reasonably cited and applied Supreme Court precedent. The court correctly noted that

Petitioner failed to demonstrate how impeaching Chris Depew's testimony would have presented a viable defense or otherwise affected the outcome of the trial. (Doc. 11-9 at 7-8). Like this Court, the Missouri Court of Appeals considered the likely effect of Crystal Depew's testimony on the jury's assessment of Chris Depew's credibility. Based on this reasonable assessment of the facts and applicable law, the Missouri Court of Appeals appropriately denied Petitioner's appeal of the judgment of the motion court.

*Ground 4: Counsel's Failure to File a Motion to Suppress*

Petitioner contends in his fourth and final ground for relief that trial counsel rendered ineffective assistance by failing to file a motion to suppress statements made by Petitioner to law enforcement agents after his arrest. Failure to file a meritless motion to suppress is not objectively unreasonable. *See Pampkin v. Bowersox*, Case No. 4:16-cv-00561-JCH, 2016 WL 6577189, at *4-5 (E.D. Mo. Nov. 7, 2016). "The performance of an attorney is not deficient for failure to object to admissible evidence." *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989).

The fire investigator testified at trial that Petitioner initially let him into Petitioner's apartment. (Doc. 11-1 at 297). After leaving and completing his investigation, the fire investigator returned to Petitioner's apartment with a detective and police officer, but found Petitioner asleep on his couch. The fire investigator knocked and yelled but could not wake Petitioner, and ultimately opened the unlocked door to enter. (*Id.* at 335-36). Officer Monrotus testified that he then placed Petitioner in his patrol car and brought him to the police station. (*Id.* at 284-84).

At trial, a handwritten voluntary statement form completed by Petitioner after being brought into the station was entered into the record as Exhibit 15 (*Id.* at 162) and an audiotape of Petitioner's statements to police was played for the jury as Exhibit 33. (*Id.* at 382). In Exhibit 15, Petitioner wrote that he had been at his apartment watching television since 6:00 P.M. on the night

of the arson. Petitioner sounded intoxicated in the Exhibit 33 recording and seemed unsurprised that Chris Depew would accuse him of starting the fire. Petitioner claims that his trial counsel rendered ineffective assistance by failing to move to suppress this evidence. Respondent argues that the Missouri Court of Appeals reasonably found this claim to be meritless.

Petitioner's counsel did file a motion to suppress these statements. (Doc. 11-2 at 23-27). Counsel's motion specifically noted that Petitioner was "questioned by . . . Kyle Carter of the Missouri State Fire Marshall while defendant was in custody and/or not free to leave." (Doc. 11-2 at 24). Counsel argued that Petitioner's statements were "not voluntary" and the "result of an unlawful arrest." The trial court denied these motions. (Doc. 11-8 at 27). Petitioner has not denied that he consented to the officers' entry into his apartment.

While Petitioner's counsel failed to specifically mention the Fourth Amendment in his motion to suppress, the motion substantively included Petitioner's Fourth Amendment claim. "[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel's failure to specifically mention the Fourth Amendment had no prejudicial effect on Petitioner since the trial court explicitly considered whether Petitioner's statements were made pursuant to an unlawful arrest. Even if counsel had called out the Fourth Amendment claim explicitly, moreover, the motion would likely have been overruled given the record evidence that Petitioner had consented to entry and willfully gone to the police station.

In the alternative, and pursuant to the doubly deferential standard of review applicable to Petitioner's ineffective assistance of counsel claims, this Court finds that the Missouri Court of Appeals reasonably applied the law. The court acknowledged that arresting an individual in his

- 12 -

home without a warrant is unconstitutional absent proper consent or exigent circumstances. (Doc. 11-9 at 9). The court then considered evidence in the record indicating that Petitioner had consented to the entry of police into his home. (*Id.*). As a result, the court determined, any motion to suppress on Fourth Amendment grounds would have been meritless, and counsel's performance was not unreasonable. "[C]ounsel cannot be deemed ineffective for failing to raise a meritless argument." *Anderson v. United States*, No. 4:18-cv-1082-RWS, 2019 WL 1157410, at *4 (E.D. Mo. Mar. 13, 2019). The court's analysis was not an objectively unreasonable application of the Supreme Court's Fourth Amendment precedent or the *Strickland* standard.

## III.    Conclusion

To succeed under 28 U.S.C. § 2254, Petitioner must demonstrate that the state court's judgment was contrary to, or an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of fact. As to Ground 1, a rational factfinder could have reasonably concluded that Petitioner had the means, motive, and opportunity to commit arson, as the state court properly determined. On Grounds 2-4, Petitioner failed to prove that he received ineffective assistance of counsel or that the state court unreasonably applied *Strickland*.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Dennis R. Nash's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.


Dated this 5th day of October, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE